**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **Coulter Ventures, LLC d/b/a Rogue Fitness,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TKO Strength & Performance Inc. and Defiant Strength Inc.,**<br><br>**Defendants.** | **Case No. 4:26-cv-7155**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) – (3) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271**<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Coulter Ventures, LLC d/b/a Rogue Fitness ("Rogue"), for its complaint against TKO Strength & Performance Inc. ("TKO") and Defiant Strength Inc. ("Defiant") (TKO and Defiant collectively, "Defendants"), alleges as follows:

## THE PARTIES

1. Rogue is a company organized and existing under the laws of the State of Ohio with a principal place of business at 545 East Fifth Avenue, Columbus, Ohio 43201.

2. On information and belief, TKO Strength & Performance Inc. is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 6387 Windfern Rd., Houston, TX 77040.

3. On information and belief, Defiant Strength Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 6387 Windfern Rd., Houston, TX 77040.

4. TKO and Defiant are affiliated entities under common ownership and/or control that operate an integrated business for the marketing, offering for sale, sale, and distribution of fitness and strength-training equipment. For example, TKO and Defiant operate from the same business location and market and sell overlapping products through their respective websites, including the same TKO-branded products. Defiant markets and offers for sale TKO-branded products, including the accused TKO barbell identified below, while TKO itself markets and sells such products directly. As another example, upon information and belief, TKO and Defiant share personnel, resources, sales and distribution functions, and coordinate their activities relating to the marketing, sale, and distribution of TKO-branded and Defiant-branded fitness equipment.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants share a principal place of business in this District. This Court also has personal jurisdiction over Defendants because, *inter alia*, Defendants have committed acts of patent infringement in the state of Texas, including in this District, and Defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas, including in this District. For example, on information and belief, Defendants transact business and have made, used, sold, and/or offered for sale, and/or continue to make, use, sell, and/or offer for sale, products that infringe Rogue's asserted patents in the State of Texas and in this District, for example, through the websites https://www.tkostrength.com/ and https://defiantstrength.com/.

7. Venue is proper in this District pursuant to at least 28 U.S.C. § 1400(b) at least because Defendants have committed acts of patent infringement in this District and because Defendants have a regular and established place of business in this District.

**General Allegations – Rogue's Intellectual Property**

8. Rogue has invested substantial time, skill, and resources in creating, cultivating, and maintaining a reputation for innovative strength and fitness products of the highest quality. To protect these investments and the invaluable goodwill Rogue has built up through years of effort in the marketplace, Rogue has acquired various intellectual property rights, including patents directed to its technologies.

9. Rogue owns patent rights in barbells and barbell collars, including U.S. Design Patent Reissue No. 49,513 ("the D'513 Patent"), U.S. Utility Patent No. 10,226,659 ("'659 Patent"), and U.S. Utility Patent No. 10,953,263 ("'263 Patent").

10. The D'513 Patent is entitled "Barbell." On May 2, 2023, the D'513 Patent was duly and legally reissued by the U.S. Patent and Trademark Office to Rogue. Rogue owns the entire right, title, and interest to the D'513 Patent. A copy of the D'513 Patent is attached as Exhibit A. Two exemplary figures from the D'513 Patent are shown in Illustration 1 below.

**Illustration 1: Exemplary Figures from the D'513 Patent**



11. The ’659 Patent is entitled “Clamping Device.” On March 12, 2019, the ’659 Patent was duly and legally issued by the U.S. Patent and Trademark Office to Rogue. Rogue owns the entire right, title, and interest to the ’659 Patent. A copy of the ’659 Patent is attached as Exhibit B.

12. The ’263 Patent is entitled “Clamping Device.” On March 23, 2021, the ’263 Patent was duly and legally issued by the U.S. Patent and Trademark Office to Rogue. Rogue owns the entire right, title, and interest to the ’263 Patent. A copy of the ’263 Patent is attached as Exhibit C.

13. The D’513 Patent, the ’659 Patent, and the ’263 Patent are collectively referred to herein as “Rogue’s Patents.”

14. Rogue gives the public, including Defendants, notice that its products are covered by the Rogue Patents, including by virtual marking at https://www.roguefitness.com/patents.

**<u>General Allegations – Defendants’ Willful and Unlawful Activities</u>**

15. Without Rogue’s authorization, Defendants have purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and/or continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate Rogue’s Patents.

16. For example, Defendants’ “Olympic Middle Weight Needle Bearing Bar,” “Middle Weight Power Bar,” “Olympic Lite Weight Needle Bearing Bar (Women),” “78” Lightweight Olympic Bar, 25mm Shaft, Hard Chrome Center Knurling,” “Olympic Heavy Weight Needle Bearing Bar,” and “Heavy Weight Power Bar” (collectively, the “Infringing Bars”) infringe Rogue’s D’513 Patent. Exemplary images of Defendants’ Infringing Bars are shown below:

| **Illustration 2: Exemplary Images of Defendants' Infringing Bars** |
| --- |
| <br><br><br>https://www.tkostrength.com/products/middle-weight-power-bar<br>https://defiantstrength.com/product/middle-weight-power-bar/ |
| <br><br><br>https://www.tkostrength.com/products/liteweight-power-bar-women<br>https://defiantstrength.com/product/78-lightweight-olympic-bar-25mm-shaft-hard-chrome-center-knurling/ |

**Illustration 2: Exemplary Images of Defendants' Infringing Bars**






https://www.tkostrength.com/products/heavy-weight-power-bar
https://defiantstrength.com/product/heavy-weight-power-bar/

17. In addition, TKO's "Quick Lock Olympic Collars w/ Magnets" (the "Infringing Collars") infringe Rogue's '659 and '263 Patents. Exemplary images of TKO's Infringing Collars are shown below:

**Illustration 3: Exemplary Images of TKO's Infringing Collars**




https://www.tkostrength.com/products/lock-jaw-collar-copy

18. Defendants' infringement was and/or continues to be deliberate, intentional, and willful. For example, on information and belief, Defendants looked to Rogue's products when choosing the design of the infringing products. The resemblance of the infringing products to Rogue's products and example embodiments of Rogue's patent claims is readily apparent, as illustrated below. Defendants have been intentionally freeriding off Rogue's investments and efforts that led to Rogue's innovative product designs.

| **Illustration 4: Images of Defendants' Infringing Bars and Rogue's Patent and Product** | |
|---|---|
| **Example Images of Defendants' Infringing Bars** | **Example Excerpts from Rogue's D'513 Patent and Image of Rogue's Product** |
| "Olympic Middle Weight Needle Bearing Bar"  |  Excerpt from Rogue's D'513 Patent |
| "Olympic Middle Weight Needle Bearing Bar"  |  FIG. 15 (NEW) Excerpt from Rogue's D'513 Patent |

| **Illustration 4: Images of Defendants’ Infringing Bars and Rogue’s Patent and Product** | |
|---|---|
| **Example Images of Defendants’ Infringing Bars** | **Example Excerpts from Rogue’s D’513 Patent and Image of Rogue’s Product** |
| “Olympic Middle Weight Needle Bearing Bar”   |  Excerpt from Rogue’s D’513 Patent |
| “Olympic Middle Weight Needle Bearing Bar”   https://www.tkostrength.com/products/middle-weight-power-bar |   https://www.roguefitness.com/the-rogue-bar-2-0-blbr |

| **Illustration 5: Images of TKO's Infringing Collars and Rogue's Patents and Products** | |
|---|---|
| **Example Images of TKO's Infringing Collars** | **Example Excerpts from Rogue's Patents and Images of Rogue's Products** |
| "Quick Lock Olympic Collars w/ Magnets"  |   FIG. 1 Excerpt from Rogue's '263 Patent |
| "Quick Lock Olympic Collars w/ Magnets"  |  https://www.roguefitness.com/rogue-oso-magnetic-barbell-collars-2-0 |
| "Quick Lock Olympic Collars w/ Magnets"  https://www.tkostrength.com/collections/tko-weight-bars-collars/products/lock-jaw-collar-copy |   https://www.roguefitness.com/rogue-oso-barbell-collars-2-0 |

**Count I: Infringement of U.S. Design Patent RE49,513 Under 35 U.S.C. § 271**

19. Rogue realleges and incorporates the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

20. Defendants have infringed and continue to infringe the D’513 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Defendants’ Infringing Bars, which are covered by the claim of the D’513 Patent.

21. Defendants’ Infringing Bars infringe the D’513 Patent because the overall appearance of the design of the Infringing Bars and the D’513 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of the Infringing Bars and the D’513 Patent to be substantially the same. Exemplary images of the Infringing Bars and the D’513 Patent are shown above in Illustration 4.

22. Defendants’ acts of infringement have been without express or implied license by Rogue, are in violation of Rogue’s rights, and will continue unless enjoined by this Court.

23. On information and belief, Defendants’ infringement of the D’513 Patent has been, and continues to be, deliberate, intentional, and willful.

24. On information and belief, this is an exceptional case in view of Defendants’ unlawful activities, including Defendants’ deliberate, intentional, and willful infringement.

25. Rogue has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

26. Defendants also have caused, are causing, and will continue to cause irreparable harm to Rogue for which there is no adequate remedy at law and for which Rogue is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count II: Infringement of U.S. Patent 10,226,659 Under 35 U.S.C. § 271**

27. Rogue realleges and incorporates the allegations set forth in paragraphs 1 through 26 as though fully set forth herein.

28. TKO has infringed and continues to infringe the ’659 Patent either literally or under the doctrine of equivalents at least by using, selling, offering to sell, making, and/or importing into the United States TKO’s Infringing Collars, which are covered at least by claim 1 of the ’659 Patent.

29. TKO’s Infringing Collars satisfy each and every element of at least claim 1 of the ’659 Patent, either literally or under the doctrine of equivalents.

30. An exemplary infringement analysis chart providing notice of Rogue’s allegations that TKO’s Infringing Collars infringe at least claim 1 of the ’659 Patent is attached as Exhibit D.

31. TKO’s acts of infringement have been without express or implied license by Rogue, are in violation of Rogue’s rights, and will continue unless enjoined by this Court.

32. On information and belief, TKO’s infringement of the ’659 Patent has been, and continues to be, deliberate, intentional, and willful.

33. On information and belief, this is an exceptional case in view of TKO’s unlawful activities, including TKO’s deliberate, intentional, and willful infringement.

34. Rogue has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

35. TKO also has caused, is causing, and will continue to cause irreparable harm to Rogue for which there is no adequate remedy at law and for which Rogue is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count III: Infringement of U.S. Patent 10,953,263 Under 35 U.S.C. § 271**

36. Rogue realleges and incorporates the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37. TKO has infringed and continues to infringe the ’263 Patent either literally or under the doctrine of equivalents at least by using, selling, offering to sell, making, and/or importing into the United States TKO’s Infringing Collars, which are covered at least by claim 1 of the ’263 Patent.

38. TKO’s Infringing Collars satisfy each and every element of at least claim 1 of the ’263 Patent, either literally or under the doctrine of equivalents.

39. An exemplary infringement analysis chart providing notice of Rogue’s allegations that TKO’s Infringing Collars infringe at least claim 1 of the ’263 Patent is attached as Exhibit E.

40. TKO’s acts of infringement have been without express or implied license by Rogue, are in violation of Rogue’s rights, and will continue unless enjoined by this Court.

41. On information and belief, TKO’s infringement of the ’263 Patent has been, and continues to be, deliberate, intentional, and willful.

42. On information and belief, this is an exceptional case in view of TKO’s unlawful activities, including TKO’s deliberate, intentional, and willful infringement.

43. Rogue has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

44. TKO also has caused, is causing, and will continue to cause irreparable harm to Rogue for which there is no adequate remedy at law and for which Rogue is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Demand for Jury Trial**

Rogue hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

A. Judgment that (i) Defendants have infringed the D'513 Patent in violation of § 271 of Title 35 in the United States Code; (ii) TKO has infringed the '659 Patent in violation of § 271 of Title 35 in the United States Code; and (iii) TKO has infringed the '263 Patent in violation of § 271 of Title 35 in the United States Code;

B. An injunction against further infringement of Rogue's Patents by TKO and each of TKO's agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283;

C. An injunction against further infringement of Rogue's D'513 Patent by Defiant and each of Defiant's agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283;

D. An Order directing Defendants to recall all infringing products sold and/or distributed and to provide a full refund for all recalled infringing products;

E. An award of damages adequate to compensate Rogue for Defendants' patent infringement and trebled for willful infringement pursuant at least to 35 U.S.C. § 284, and an award for Defendants' profits from their patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

F. Such other and further relief as this Court deems just and proper.

Dated: August 27, 2026

Respectfully submitted,

By: */s/ Scott A. Burow*
Scott A. Burow (admitted in the Southern District of Texas)
Attorney-In-Charge
Texas Bar No. 24152884
Southern District of Texas Bar No. 3468321
Banner & Witcoff, Ltd.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
sburow@bannerwitcoff.com

Louis DiSanto (*pro hac vice* forthcoming)
Illinois Bar No. 6286044
ldisanto@bannerwitcoff.com
Anthony J. Denis (*pro hac vice* forthcoming)
Illinois Bar No. 6329599
adenis@bannerwitcoff.com
Jacob T. Earl (*pro hac vice* forthcoming)
Illinois Bar No. 6342032
jearl@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR COULTER VENTURES, LLC**